1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JORGE LOPEZ,

11          Petitioner,                    No. 2:11-cv-3166 CKD P

12      vs.

13   M.D. McDONALD, Warden,

14          Respondent.              ORDER

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondent's March 8, 2012 motion to

18   dismiss the petition as time-barred.  (Dkt. No. 9.)  Petitioner has filed an opposition to that

19   motion, and respondent has filed a reply.  (Dkt. Nos. 11, 12.)  The parties have consented to this

20   court's jurisdiction.  (Dkt. Nos. 3, 8.)  For the reasons discussed below, the undersigned will

21   grant respondent's motion to dismiss.

22   ////

23   ////

24   ////

25   ////

26   ////

PROCEDURAL HISTORY

In April 2008, following a jury trial in the Sacramento County Superior Court, petitioner was convicted of first degree murder with a firearm enhancement.  He was sentenced to an indeterminate state prison term of fifty years to life.  (Lod. Docs. 1, 2 at 6.)[1]

On February 11, 2010, the California Court of Appeal, Third Appellate District, affirmed the judgment.  (Lod. Doc. 2.)  Petitioner sought review in the California Supreme Court, which was denied on May 20, 2010.  (Lod. Docs. 3, 4.)  Petitioner did not file any pro se post-conviction challenges to the judgment in the state courts.

Petitioner constructively filed the instant petition on November 27, 2011.  (Dkt. No. 1 ("Ptn.").)

STATUTE OF LIMITATIONS UNDER THE AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C. § 2244 provides as follows:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was

---

[1] Lodged documents refer to those documents lodged by respondent on March 20, 2012. (Dkt. No. 10.)

2

initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable."  See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

ANALYSIS

I.  Running of the Limitations Period

Under § 2244(d)(1)(A), the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  The statute commences to run pursuant to § 2244(d)(1)(A) upon either 1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or 2) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state court system followed by the expiration of the time permitted for filing a petition for writ of certiorari.  Wixom, 264 F.3d at

897 (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir.1998), cert. denied, 525 U.S. 1187 (1999)).

Here, the California Supreme Court denied review of petitioner's appeal on May 20, 2010.  The time to seek direct review ended on August 18, 2010, when the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court expired.  Rules of the Supreme Court of the United States, Rule 13.1.  The one-year limitations period commenced the following day, August 19, 2010.  28 U.S.C. § 2244(d)(1); Fed.R.Civ.P. 6(a).  Thus the last day to file a federal petition was on August 18, 2011, plus any time for tolling.  The instant petition was constructively filed more than three months later on November 27, 2011.

II.  Equitable Tolling

Petitioner does not dispute that his petition was filed after the AEDPA deadline.  Rather, he argues that he is entitled to equitable tolling of the limitations period.

Petitioner claims two related grounds for equitable tolling.  First, he asserts that he was "incapable" of preparing his federal habeas petition, as he "does not have even the slightest idea of what his constitutional claims are."  (Dkt. No. 11. ("Opp") at 7.)

Second, petitioner asserts that he diligently sought help from four outside agencies in preparing his petition, and these agencies did not notify him that they would not assist him until after the limitations period expired.  (Id. at 8.)  In lieu of outside help, petitioner found an inmate to prepare the petition for him.  He filed the instant petition "less than 30 days after the last agency declined to represent him."  (Id.)  The time line petitioner establishes with supporting documentation is as follows:

As noted above, the one-year limitations period began on August 19, 2010 and ended on August 18, 2011.

In a letter dated May 13, 2009, the Northern California Innocence Project asked petitioner to send "copies of your Appellant Opening Brief and Court of Appeal Opinion when they become available.  If you receive only one copy, we can duplicate them and return the

4

1    originals." (Opp. at 11 (Ex. A).)  Petitioner claims that they "did not return these documents

2    back to petitioner till after the one-year limitations period had expired."  (Opp. at 4.)

3              In a letter dated September 12, 2011, the Northern California Innocence Project

4    thanked petitioner "for [his] letter requesting assistance" and informed him that they would not

5    be able to assist him in federal habeas proceedings.  (Opp. at 12 (Ex. A).)  The letter makes no

6    mention of petitioner's appellant opening brief or the court of appeal opinion.

7              In a letter dated September 26, 2011, the Lincoln Law School of Sacramento

8    notified petitioner that they would not be able to provide legal advice.  (Id. at 19 (Ex. D).)

9              In a letter dated November 7, 2011, the Harvard Prison Legal Assistance Project

10   informed petitioner that their services were limited to Massachusetts state prisoners.  (Id. at 17

11   (Ex. C).)

12             The instant petition was constructively filed on November 27, 2011.

13             In a letter dated November 28, 2011, Centurion Ministries notified petitioner that

14   they would not be able to help him obtain reversal of his conviction.  (Id. at 14 (Ex. B).)

15             None of these letters, and nothing in petitioner's opposition, specify when

16   petitioner sought the assistance of these agencies.  In an attached declaration, inmate Steve

17   Vulpis states that he is assisting petitioner in this federal habeas action, as petitioner "has no

18   concept of law, procedural requirements or how to file."  (Id. at 22.)

19             Petitioner argues that he diligently sought outside legal representation and, as

20   soon as he learned none would be forthcoming, found an inmate to assist him and promptly filed

21   the instant petition.  As he was completely unable to prepare the petition himself, "it was a 'no

22   win' situation either way."  (Id. at 7.)

23             The limitations period is subject to equitable tolling if the petitioner demonstrates:

24   "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

25   stood in his way."  Pace, supra, 544 U.S. at 418; see also Irwin v. Department of Veteran Affairs,

26   498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir.1998),

1   citing Alvarez–Machain v. United States, 107 F.3d 696, 701 (9th Cir.1996), cert denied, 522 U.S.

2   814 (1997).  Petitioner bears the burden of alleging facts that would give rise to tolling.  Pace,

3   544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002); Hinton v. Pac. Enters., 5 F.3d

4   391, 395 (9th Cir. 1993).

5              As petitioner acknowledges, his inability to prepare a federal habeas petition due

6   to lack of legal knowledge does not itself trigger equitable tolling.  (See Opp. at 11, clarifying

7   that petitioner is "not claiming ignorance of the law.")  The Ninth Circuit has held that "a pro se

8   petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting

9   equitable tolling."  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  Thus petitioner is

10  not entitled to tolling on this basis.

11             Petitioner also suggests that he was unable to file a federal petition because the

12  Northern California Innocence Project obtained his copies of his opening brief on appeal and the

13  court of appeal's opinion, and did not return them until after the limitations period had run.

14  Addressing a similar claim, the court in Mangana v. McDonald, 2010 WL 5069836 at *3 (N.D.

15  Cal. 2010) reasoned:

16             [T]he Court rejects Petitioner's claim that NCIP's retention of his
             legal documents was an "extraordinary circumstance" that
17           prevented him from filing on time. While the deprivation of legal
             materials has been held to warrant equitable tolling, see Lott v.
18           Mueller, 304 F.3d 918, 924–25 (9th Cir. 2002), Petitioner still
             must demonstrate 'diligence and that the hardship caused by lack
19           of access to his materials was an extraordinary circumstance that
             caused him to file his petition almost a year late.'
20           Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th
             Cir.2009). Not only did Petitioner send his legal materials to NCIP
21           of his own volition, and apparently, without making copies
             beforehand, but he also fails to show 'specific instances where he
22           needed a particular document ... and could not have procured that
             particular document when needed.' Chaffer v. Prosper, 592 F.3d
23           1046, 1049 (9th Cir. 2010 (per curiam) (quoting Waldron–Ramsey,
             556 F.3d at 1013–14).

24

25  This reasoning applies here as well.  Petitioner has not established when he sent the appeal

26  documents to NCIP, whether he made copies beforehand, when exactly they were returned, or

6

how the lack of one or more of these documents prevented him from filing a federal habeas petition.  Thus he is not entitled to equitable tolling on this basis.

The court now turns to petitioner's core argument that he diligently sought outside legal help, and promptly filed the instant petition after help was denied.  As respondent points out, petitioner has failed to establish when he wrote the four agencies seeking assistance with his federal habeas case.  Without these specifics, it is difficult to conclude that petitioner has showed the requisite diligence for equitable tolling.  See Miller v. Marr, 141 F 3d. 976, 978 (10th Cir. 1998) (request for equitable tolling must be supported by specific factual allegations).

Even assuming arguendo that petitioner was diligent, the outside agencies' failure to assist petitioner are not an "extraordinary circumstance" sufficient to trigger equitable tolling. Petitioner had no right to legal assistance when pursuing habeas relief.  See Coleman v. Thompson, 501 U.S. 722, 755 (1991) ("[A] criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review[.]")  Futhermore, the time expended by a petitioner in searching for counsel is not an extraordinary circumstance warranting equitable tolling. Jihad v. Hvass, 267 F.3d 803, 806 (8th Cir. 2001); see also Naff v. Kramer, 2008 WL 821538 at *5 (C.D. Cal. 2008) (collecting cases).  In Jihad, the Eighth Circuit observed that an inmate's "pre-filing efforts" to seek outside agencies' assistance in preparing a federal petition, "dealt with the kinds of obstacles faced by many if not most habeas petitioners, and therefore Congress is presumed to have considered such equities in enacting a one-year limitations period.  These were not extraordinary circumstances beyond Jihad's control[.]"  267 F.3d at 806-807.  See also Stancle v. Clay, 2009 WL 2007119 (C.D. Cal. 2009) (inmate's decision to wait to file habeas petition until he heard back from the Innocence Project on his request for legal assistance was "wholly within his control.").  Thus petitioner is not entitled to tolling on this basis either.

////

////

1

<u>CONCLUSION</u>

2  For the foregoing reasons, the undersigned concludes that the petition is untimely

3  under AEDPA.

4  Accordingly, IT IS HEREBY ORDERED that:

5  1.  Respondent's March 8, 2012 motion to dismiss for untimeliness (Dkt. No. 9) is

6  granted; and

7  2. This case is closed.

8  Dated: June 28, 2012

9  _____

10  CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

11

12

13  2
   lope3166.mtd

14

15

16

17

18

19

20

21

22

23

24

25

26